DANIEL A TANNENBAUM, ESQ.
576 Fifth Avenue, Suite 903
New York, New York 10036
Telephone: (212) 457-1699
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MICHAEL GREEENE individually,
MICHAEL GREENE on behalf of others           **FIRST AMENDED COMPLAINT**
similarly situated,

                                          **COLLECTIVE ACTION UNDER**
                       *Plaintiff*,   **29 U.S.C. § 216(b)**

      -against-

THE CITY OF NEW YORK,   **ECF Case**

                    *Defendants.*
--------------------------------------------------------X

      Plaintiff Michael Greene ("Plaintiff Greene" or "Ms. Greene"), individually and on behalf of others similarly situated, by and through his attorneys, Daniel Tannenbaum, Esq., and as against The City of New York ("New York City"), ("Defendant") alleges as follows:

**NATURE OF ACTION**

      1.    Plaintiff Greene was an employee of Defendant, The City of New York (New York City) in the New York City Department of Environmental Protection ("DEP").

      2.    Plaintiff Greene is currently an employee of Defendant, The City of New York (New York City) in the New York City Human Resources Administration.

      3.    Plaintiff Greene was employed as a paralegal aide in DEP and was primarily responsible for serving summonses.

      4.    Plaintiff Greene's office base was 96-05 Horace Harding Parkway, Corona, NY 11368.

5. At all times relevant to this Complaint, Plaintiff Greene worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Greene appropriately for any hours worked.

7. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Greene to work in excess of forty (40) hours per week without providing the overtime compensation required by federal laws and regulations.

8. Defendants' conduct extended beyond Plaintiff Greene to all other similarly situated employees.

9. Plaintiff Greene now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages and retaliation pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Greene seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district. Further, Plaintiff Greene was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Michael Greene ("Plaintiff Greene" or "Ms. Greene") is an adult individual residing in Kings County, New York.

14.     Plaintiff Greene was employed by Defendants at the DEP from approximately March 2018 until February 2019.

15.     Plaintiff Greene consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b). and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendant New York City is, among other things, an entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

17.     The City of New York determines the wages and compensation of its employees including Plaintiff Greene, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

18.     At all relevant times, Defendants were Plaintiff Greene's employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Greene, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Greene's services.

19. In each year from 2016 to 2019, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

20. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the facility on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

21. Plaintiff Greene was previously an employee of Defendant The City of New York (New York City) in the Department of Environmental Protection. Plaintiff Greene is currently an employee of Defendant The City of New York (New York City) in the Human resources Administration.

*Plaintiff Michael Greene*

22. Plaintiff Greene was employed by Defendants in DEP from approximately March 26, 2018 until on or about February, 2019.

23. Defendants employed Plaintiff Greene as a paralegal aide.

24. Plaintiff Greene regularly handled goods in interstate commerce, such as office supplies and other supplies produced outside the State of New York.

25. From approximately March 26 2018 until on or about February 2019, Plaintiff Greene worked from approximately 8:30 a.m. until on or about 5:30 p.m, 5 days a week (typically 45 hours per week).

26. Throughout his employment, Defendants paid Plaintiff Greene his wages by check.

27. From approximately March 2018 until on or about February 2019, Defendants paid Plaintiff Greene on a biweekly basis, at the annual salary of $40,264.

28. Plaintiff Greene's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

29.     Defendants did not grant Plaintiff Greene uninterrupted breaks or meal periods, but automatically deducted an hour of pay each day for such breaks or meal periods.

*Defendants' General Employment Practices*

30.     At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiff Greene (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal laws.

31.     Plaintiff Greene was a victim of Defendant's common policy and practices which violate his rights under the FLSA by, *inter alia*, not paying his the wages he was owed for the hours he worked.

32.     Defendants required Plaintiff Greene (and all similarly situated employees) to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

33.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA failing to maintain accurate and complete timesheets and payroll records.

34.     Plaintiff Greene was paid his wages by check.

35.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Greene worked, and to avoid paying Plaintiff Greene properly for his full hours worked.

36.     Defendant's engaged in their unlawful conduct pursuant to a policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

37.     Defendant's unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Greene (and all similarly situated employees).

38.     Plaintiff Greene was further retaliated against for engaging in protected conduct under the FLSA.

39.     October 19, 2018, Mr. Greene sent an email to Ms. Yocanda Baez (Chief of Administrative Compliance and Special Projects) copying Ms. Naomi Hamer and Mr. Mina Mashreki (Supervisor Enforcement and Administrative Projects ; Mr. Greene's Supervisor) with the subject line "uncompensated overtime" stating that his schedule was regularly leading to him to have to spend time working off the clock.

40.     Mr. Greene was thereby denied overtime pay for work performed.

41.     Plaintiff Greene further engaged in protected conduct by stating to Ms. Yocanda Baez that he was "off the clock" when she wanted to speak with him regarding his October 19, 2018 email.

42.     In a memorandum prepared by Ms. Baez, she states that Mr. Greene "uttered that he was "off the clock"" and that she responded that "this wouldn't take long."

43.     Plaintiff Greene further engaged in protected conduct by sharing a text message dated October 24, 2018 and email on November 19, 2018 related to complaints by a colleague regarding deprivation of work and meal breaks.

44.     Plaintiff Greene further engaged in protected conduct by telling a supervisor and team leader in or about December 2018 that he wished to seek protective equipment for use while delivering summonses, and then by requesting a tablet for navigational needs in or about December 2018.

45.     Soon after these complaints Defendant through Ms. Yocanda Baez and Mr. Mina Mashreki started targeting Mr. Greene for disciplinary action and removal from DEP.

46.     Ms. Yolanda Baez took adverse action against Plaintiff in response to these protected activities by filing a disciplinary charge and moving for Mr. Greene's dismissal.

47. Defendants took adverse action against Plaintiff in response to these protected activities including termination of his probationary period at DEP on February 1, 2019.

48. This termination was conveyed by letter to Mr. Greene and signed by Deputy Commissioner, Bureau of Organizational Development and Human Resources, Zoe Ann Campbell.

## FLSA COLLECTIVE ACTION CLAIMS

49. Plaintiff Greene brings his FLSA overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

50. At all relevant times, Plaintiff Greene and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

51. The claims of Plaintiff Greene stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

52. Plaintiff Greene repeats and realleges all paragraphs above as though fully set forth herein.

53. At all times relevant to this action, Defendants were Plaintiff Greene's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the

7

power to hire and fire Plaintiff Greene (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

54. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

55. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Greene (and the FLSA Class Members), overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

56. Defendants' failure to pay Plaintiff Greene (and the FLSA Class Members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

57. Plaintiff Greene (and the FLSA Class Members), was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FLSA – RETALIATION

58. Plaintiff Greene repeats and realleges all paragraphs above as if fully set forth herein.

59. Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

60. Plaintiff Greene is an "employee" within the meaning of 29 U.S.C. §§ 203(a) and 215(a)(3).

61. The Defendants are "persons" within the meaning of 29 U.S.C. §§ 203(e)(1) and 215(a)(3), are each subject to liability for retaliatory conduct.

62. Plaintiff Greene has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Greene respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Greene and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Greene's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Greene and the FLSA Class members;

(e) Awarding Plaintiff Greene and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Greene and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. §216(b);

(g) Declaring that Defendants violated the retaliation provisions, and rules and orders promulgated under, the FLSA as to Plaintiff Greene;

(h)     Awarding Plaintiff Greene damages for Defendants' violation of the FLSA retaliation provisions.

(i)     Awarding Plaintiff Greene and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(j)     Awarding Plaintiff Greene and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(k)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Greene demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       May 19, 2021

By:     */s Daniel Tannenbaum*
        DANIEL A TANNENBAUM, ESQ.
        576 Fifth Avenue, Suite 903
        New York, New York 10036
        Telephone: (212) 457-1699
        *Attorneys for Plaintiff*